BRADLEY *v.* GRAND TRUNK RAILWAY CO.

RAILROAD COMPANIES—INJURY TO PASSENGER—FAILURE TO LIGHT STATION PLATFORM—CONTRIBUTORY NEGLIGENCE.

A passenger at a railroad station, who, upon seeing his train approaching, walks along the platform, knowing it to be insufficiently lighted, towards the place where he thinks the train will stop, and who, in the darkness, steps off upon the track, and is struck by the engine, is guilty of contributory negligence, precluding a recovery against the railroad company because of its failure to keep the platform properly lighted.

Error to St. Clair; Canfield, J.  Submitted November 21, 1895.  Decided December 3, 1895.

·Case by George J. Bradley against the Grand Trunk
Railway Company for-personal injuries. From a judg-
ment for defendant upon verdict directed by the court,
plaintiff brings error. Affirmed.

*Frank Whipple*, for appellant.

*Geer & Williams*, for appellee.

Montgomery, J. Plaintiff sues to recover for damages
sustained by reason of an injury incurred when about to
board a train of cars on defendant's track at a station
called "Smith's Creek," on the evening of October 18,
1890. The sole negligence imputed to the defendant
was a failure to properly light its station platform.

It appears by the testimony that the platform was $12\frac{1}{2}$
feet wide, and its extreme length 189 feet, extending
from the baggage room, on one end, to the watercloset, on
the other. The elevation above the track was 9 inches.
The platform was lighted with a lamp, with a wick $1\frac{1}{2}$
or 2 inches wide. The size of the glass in the lamp was
$13\frac{1}{2}$ by $17\frac{1}{2}$ inches, and the distance from the lamp to the
place where the plaintiff received his injury was about
41 feet.

Plaintiff testifies that he was engaged in conversation
with Dr. McDermid; that the doctor said, "There comes
your train;" that plaintiff looked down the track, and
saw the headlight; that he took a basket of eggs, which
he intended to carry to the baggage car, in one hand,
and a small satchel in the other, and started to go for-
ward to where he thought the baggage car would stop;
that, as he went away from the lamp, it was pretty dark.
He stepped off the platform on the track, and was struck
by the engine. Plaintiff further testifies:

"I did not know how long the train was. If I had, I
might have waited, but I thought I would be sure and get
up opposite the baggage car. I knew it was dark, but
I thought I would be safe in going up there."

The circuit judge was of the opinion that the negli-
gence charged was not made out, and also that, if it
should be assumed that there was negligence in lighting
the platform, plaintiff's own negligence contributed to
the injury, and directed a verdict for the defendant.  We
are of the opinion that this direction was justified.  The
testimony is conflicting, it is true, as to whether the light
was sufficient to light the whole platform for the whole
distance of 189 feet, and the plaintiff's own testimony
was to the effect that it was dark as he went away from
the light.  It is next to incredible, however, that the light
did not shine a distance of 40 feet.  But, however, this
may be, if the light failed to make his way clear, it was
negligence for the plaintiff, knowing this fact, to delib-
erately take the chance of stepping off the platform in
front of an approaching train.  He swears that he knew
it was dark, but thought it would be safe.  Knowing that
it was dark, and knowing that the train was approaching,
he could not speculate on the chance of making his way,
in the absence of light, towards a place of known danger,
and claim to be free from negligence contributing to
the result which followed.  If there was negligence of
the company, it was discovered by plaintiff as a precedent
condition, and yet he deliberately determined to take
his chances.  This is not a case of a defect in a way which
one is bound to travel.  It was, of course, known to plain-
tiff that this platform had an edge, and that, if he went
far enough in the direction of it, he would step off; yet
his testimony is that, knowing this, he took his chances
of keeping on the platform, and, in the darkness, stepped
off.  The fault was chiefly, if not wholly, his.

Judgment affirmed.

The other Justices concurred.