ANNA L. STEWART v. ST. PAUL CITY RAILWAY COMPANY.

November 17, 1899.

Nos. 11,744—(64).

**Street Railway—Stopping Car for Passenger.**

While a street-car company is not responsible for the condition of the streets on which it operates its cars, yet it is bound to exercise reasonable care to stop its cars for the discharge of passengers at a safe and proper place for that purpose.

**Personal Injury—Notice of Hole in Street.**

Evidence *held* sufficient to justify the jury in finding that the defendant was chargeable with notice of a certain hole in the street, and was negligent in stopping its car in such close proximity to it that a passenger, in alighting in the dark, was liable to step into it.

Action in the district court for Ramsey county to recover $3,500 damages for personal injuries. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $300; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson*, for appellant.

*S. P. Crosby*, for respondent.

MITCHELL, J.

This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff by stepping in the nighttime into a hole in the street while alighting from one of defendant's cars. The negligence charged against the defendant consisted in its stopping its car at an unsafe place for plaintiff to alight in the

dark.  Her contention was that the hole was in such close prox-imity to the steps of the car that she stepped into it when in the act of alighting from the car.  On the other hand, the defendant's con-tention was that the evidence as to the location of the hole con-clusively showed that this was a physical impossibility; that plain-tiff must have stepped into the hole after she had safely alighted from the car and taken several steps along the street, and that it is not responsible for the condition of the streets.

A street-railway company is not responsible for the condition of the streets on which it operates its cars, but it is bound to exercise proper care to stop its cars for the discharge of passengers at a safe and suitable place for that purpose.  The evidence as to the length of time this hole in the street had existed, and the length of time the defendant had been accustomed to stop its cars at this same place, was sufficient to justify the jury in finding that the defend-ant knew, or in the exercise of reasonable care ought to have known, of the existence of the hole.  Its character was such as to justify the jury in finding that the defendant was guilty of negligence in stop-ping its car for the discharge of passengers in such close proximity to it that passengers would be liable to step into it while in the act of alighting, at least in the dark.  While the evidence introduced by defendant tending to show that the hole was not so near the car steps that plaintiff could have stepped into it while alighting was quite strong, yet it was not conclusive.  The question was one for the jury.  There was no evidence that the plaintiff was guilty of contributory negligence, and the court was correct in so charging the jury.  We find no error in the record.

Order affirmed.