[No. 3692. Decided March 11, 1901.]

HUGH HENRY, *Respondent,* v. GRANT STREET ELECTRIC RAILWAY COMPANY, *Appellant.*

STREET RAILROADS — NEGLIGENCE — STOPPING CAR FOR PASSENGER TO ALIGHT AT DANGEROUS PLACE.

A street railway company is guilty of negligence, when the conductor on one of the cars, having been informed by a passenger that he desired to get off at a certain point, calls out the destination and rings the bell for the motorman to stop, but the car is allowed to run some fifty feet beyond the landing, stopping on a trestle where it is dangerous to alight, and the passenger is put off at that point and informed that his destination is "Right across there."

SAME — CONTRIBUTORY NEGLIGENCE.

A passenger upon a street car is not guilty of contributory negligence in alighting therefrom in a dangerous place, though he was familiar with the surroundings, where the night was dark, and he had indicated to the conductor to stop at the proper landing place on a trestle upon which the track was laid above the tide flats, but the car had been allowed to run fifty feet beyond the landing, and the conductor, after calling out the name of the destination desired by the passenger, put him off in the unusual and dangerous place at which the car had stopped, and the passenger, in reliance upon the conductor's having put him off at the regular stopping place, did not take the precaution to observe the position he was in, and, on taking a step away from the car, was precipitated some twelve or thirteen feet from the trestle upon the tide flats below.

INSTRUCTIONS — RELEVANCY TO ISSUES.

In an action to recover for personal injuries received by reason of alighting from a street car at a dangerous place, after having been carried beyond the proper landing place, without notification from the defendant's employees, it is not error to refuse a requested instruction by defendant as to the degree of care required of a carrier of passengers in maintaining its platforms and landings in a safe condition.

SAME — CONSTRUCTION AS A WHOLE — HARMLESS ERROR.

Although a portion of an instruction, if standing alone, might have a tendency to confuse the jury, yet it will not constitute prejudicial error, if, when taken in connection with the instruction as a whole, the jury could not be misled as to the presentation by the court of the law of the case.

Appeal from Superior Court, King County.—Hon. FRANK T. REID, Judge. Affirmed.

*Stratton & Powell,* for appellant.

*Sachs & Hale,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the night of the accident in question, respondent, Henry, became a passenger on one of the appellant's cars at the corner of Yesler and South Second streets in the city of Seattle, to be carried to the power house at the intersection of Charles street and Grant street. The respondent notified the conductor of the car that he desired to be put off at the power house; the proper landing being on Charles street where the respondent was accustomed to be put off for the purpose of repairing to the power house. As the car was nearing Charles street, the conductor called out "Charles street," and the respondent notified him that he wished to get off. The conductor then went out on the rear platform, and gave the bell for the motorman to stop the car. The car, however, did not stop on Charles street where there is a plank roadway thirty-five or forty feet wide, guarded by railings on all

sides, but, according to the testimony of the respondent, went about fifty feet beyond, where there is no protection for passengers alighting, where the track passes over a trestle some twelve or thirteen feet above the tide flats. The conductor had been informed that the respondent desired to go to the power house, and when the car stopped, and the respondent got off, the conductor, pointing east, remarked "Right across," or "Right across there," and the respondent, believing that the car was at the usual place of stopping, stepped from the car, striking his foot on the bull rail or scantling some twenty-two or three inches, according to the testimony, from the step of the car, and was precipitated to the ground through an unprotected space between the track and the wagon road, a distance of some twelve or thirteen feet, sustaining the injuries complained of. Upon the trial of the cause judgment was rendered in favor of the respondent for $4,000.

Several errors are alleged by the appellant, but from the manner in which they are presented it is difficult to follow them in course. There are two propositions, however, which control this case: (1) Was the appellant guilty of negligence in passing the street where it was accustomed to discharge its passengers, and discharging plaintiff in the dangerous place which the evidence shows this was? and (2) Was the respondent guilty of contributory negligence in not noting, under the circumstances, the dangers surrounding the place on which he alighted, and by caution protecting himself against such dangers? We think both of these questions must be answered in favor of respondent's contention, viz., that the company was guilty of negligence and that the respondent was not guilty of contributory negligence. The respondent testified that he thought he was at the place where he was accustomed to get off the car on Charles street, and started right out for the power house, and that the first step he took he

stumbled and fell; that the reason that he did not take any
precautions was because he assumed that the conductor
had put him off where he requested to be put off,—at the
regular stopping place. It is said by the appellant that his
taking the wrong course was due entirely to his own
carelessness,—in the first place, that it was careless for
him to assume that it was Charles street; that, being famil-
iar with the premises, he knew that the track turned there
(it being shown by the testimony that the track turned
rather abruptly just after leaving Charles street); that,
if he had been using ordinary care for his own safety, in
view of his knowledge of the situation of the premises,
he could not but have known that he had passed out of
Charles street. We do not think the law calls upon a
passenger to watch the course of a car, or to notice in what
direction it is going. He has a right to rely upon the
conductor's putting him off where he directs him to. It
would simply be impracticable for passengers on a street
car to rely upon their own observations, especially upon
a dark night,—which it was shown this was. The cases
of *Forsyth v. Boston & A. R. R. Co.,* 103 Mass. 510;
*Gulf, C. & S. F. Ry. Co. v. Hodges,* 24 S. W. 563; *St.
Louis, I. M. & S. Ry. v. Cox,* 60 Ark. 106 (29 S. W. 38);
*Bradley v. Grand Trunk Ry. Co.,* 107 Mich. 243 (65 N.
W. 102); and *Gulf, C. & S. F. Ry. Co. v. Jordan,* 33 S.
W. 690,—are cited by the appellant to sustain the conten-
tion that the respondent was guilty of contributory negli-
gence under the circumstances of this case. We have ex-
amined these cases, but they entirely fail to meet appel-
lant's contention. *Forsyth v. Boston & A. R. R. Co.,
supra,* was where a passenger alighted from the cars upon
a platform having a step at the end next the highway, and,
instead of walking along the platform, he voluntarily
stepped from it, with the intention of going obliquely
across the track to the highway, and, when he stepped off,

fell into a cattle guard dug across the track, and was injured. It will be seen at once that this case is not in point. Common prudence calls upon passengers to seek the steps leading from the platforms because common observation shows that almost all railroad platforms are raised more or less above the level of the track. In this instance, however, there was no course for the respondent to pursue but the one he did pursue, granting that he had a right to assume that he had been put off on Charles street. *Gulf, C. & S. F. Ry. Co. v. Hodges, supra*, is the same kind of a case, where plaintiff alighted from a train, and stepped off a platform, where it was dark, and walked off a place where it was between four and five feet high. He testified that he was paying no attention to his way whatever, and the court said that it seemed to them that for a man seventy-six years old to proceed along a railroad platform in the dark in the manner testified to by the plaintiff in that case necessarily conveyed the idea of negligence. The other cases cited, without specially distinguishing them, come no nearer fitting the facts in this case than the ones we have reviewed. Neither have we been able to find any cases, and do not believe they exist, that hold that the plaintiff, under such circumstances as are portrayed by the testimony in this case, was guilty of contributory negligence.

We think it is too plain to need argument that defendant was guilty of negligence in carrying the passenger by his destination, and landing him at a point fraught with so much danger as the one in question was. No authorities are cited on this proposition, and we think none can be found that will excuse the company for this transgression of duty.

The appellant asked the following instruction, and alleges error in the refusal of the court to grant it:

"The court instructs you, gentlemen of the jury, that the defendant in this case is a common carrier of passengers for hire; that the law does not require the same degree of care on the part of a common carrier in maintaining in safe condition the platforms and landings upon which its passengers alight as it does in the actual transportation of passengers. In the transportation of passengers the carrier must exercise the highest degree of care possible under the circumstances for the safety of its passengers, but the law requires that the common carrier shall exercise only such degree of care as an ordinarily prudent person would, under the circumstances, in maintaining in safe condition its platforms and landings at which its passengers alight."

A few cases are cited to sustain this proposition of law, but they have no application to the case at bar, and the question involved in this instruction asked for was not involved in the case tried. There is no pretense here that the car stopped at a platform of any kind, and there is no question of the perfection or imperfection of the landing place or platform of the car, such as is discussed in the cases cited. It is not claimed that the car in this case landed on a platform at all. It is conceded, and must be conceded by the testimony of both the plaintiff and the defendant, that it was a dangerous place to land a passenger; and the only question in the case was whether there was sufficient notification of the danger by the respondent to put him upon his guard. No error was committed by refusing the instruction.

It is insisted that the court erred in giving instruction set out in the assignment of error No. 8, where the court instructed the jury that, if they believed the plaintiff had made out a *prima facie* case, it was their duty to give him a verdict, unless the defendant established its affirmative defense by a preponderance of the evidence. While this seems to be rather awkward phraseology, and, if taken

alone, it might confuse the jury, and constitute error, an examination of the whole instruction—which is too long to reproduce here—shows that the court was simply trying to instruct the jury that contributory negligence on the part of the respondent was an affirmative defense. We think, from the whole instruction, that the jury were not misled, and that no prejudicial error was committed. The instructions are very long, somewhat involved, and full of repetition, but, as a whole, we think the law was fairly and rightly presented to the jury, and that the instructions asked for by the appellant either had been given in substance by the court in its direct charge, or did not state the law.

No prejudicial error was committed in the rejection or admission of testimony. The questions of fact were submitted to the jury, and were found against the appellant. The judgment is affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.