CASE 3—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES.—
  MARCH 12.

## Sweet v. Louisville Railway Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

CARRIERS—STREET RAILROADS—DISCHARGING PASSENGER AT DANGER-
  OUS PLACE—LIABILITY.

Held:  1. While a street railway company is not bound to furnish
    safe places for depositing its passengers, yet where the dangerous
    condition of a street at the place of discharging a passenger is
    known, or is such as must be known, to the carrier, and is un-
    known to the passenger,—as where, because of the darkness, he
    can not see it,—the carrier is bound to warn him of the dan-
    ger, or to assist him in safely alighting.
2  Whether a hole in the street at the place of discharging a passen-
    ger was the cause of the passenger's injury, and was such a de-
    fective place for discharging passengers as to render it ob-
    viously unsafe, were questions of fact for the jury.

A. E. WILLSON AND MORRIS B. GIFFORD, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. Street railway companies are not obliged to make safe landing places, but to select them. Augusta Railway Co v. Glover, 92 Ga., 146. Such companies are liable for stopping their cars in the dark at places where it is dangerous for passengers to alight when injury results therefrom. Richmond City Ry. Co. v. Scott, 86 Va., 902; Stewart v. St. Paul City Ry. Co., 80 N. W. Rep., 854; Sowash v. Consolidated Traction Co., 188 Pa. St., 618.

2. Where there is evidence tending to establish the matter in issue, peremptory instructions are improper. 'Buford . v. L. & N. R. R. Co., 82 Ky., 286; Thompson v. Thompson, 17 B. M., 222.

Even though the court is of the opinion that if there is a verdict for plaintiff, a new trial shall be awarded on the ground of the verdict being against the weight of evidence. Eskridge v. N. O. & T. P. Ry. Co., 89 Ky., 367; Commonwealth v. Tate, 89 Ky., 587; Grove v. Louisville Ry. Co., 22 R., 599.

FAIRLEIGH, STRAUS & EAGLES, KOHN, BAIRD & SPINDLE AND J. H. HAZELRIGG, FOR APPELLEE.

We do not dispute the proposition that a street car company has no right to stop one of its cars over a dangerous excavation and permit a passenger who has no knowledge thereof, to go out of the car into the same. That is not the contention presented in this case. The sole reliance is based upon the contention that it was negligence to stop the car near to the depression or hole in the street. The defect in the street was not made by appellee, but was simply one of a great number of ruts or depressions, such as occur in a worn macadam street, which was yet occupied by the traveling public, pedestrians and vehicles. It had not been condemned or its use discontinued by the authorities controlling it. The proof shows that appellant was as familiar with the condition of this street as was appellee or any of its employes. She was permitted to alight where she desired to alight, and at her instance. The car could not have been stopped at any point on that square without finding like defects and depressions. Street cars have no depots. Passengers must alight on the surface of the streets at their intersections. Appellee has no control over the streets, nor any duty or right even to repair them.

Counsel for appellant in a supplemental brief cite the case

Sweet v. Louisville Ry. Co.

of Groves v. Louisville Ry. Co., 22 R., 599 as applicable to this case.

We submit that the meaning and intent of the law in the Groves' Case, is, that a street railway company is under no legal obligation to keep in repair any more of a street or public thoroughfare, than is included within its rails and crossties; and the appellant in this case was not injured by reason of the defective condition of that part of the street within the confines of the railway's property or road bed, but on that part of the street which the city of Louisville is compelled to keep in repair and not the Louisville Railway Company. Booth on Street Railways, sec. 326.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant was a passenger on appellee's street railway on the evening of July 4, 1899. It was dark when the car reached its destination. The cars were stopped at or near the usual street crossing. In attempting to alight, appellant fell, severely injuring her ankle. She complains of appellee, charging it with negligence in stopping the car at a point where the steps she was to use in alighting were just over a hole or unusual depression in the street, and in not warning her of the danger before she stepped from the car. The evidence disclosed that the street in question was a macadam road. It had become so worn at this particular point that a depression was formed of two or three feet in length, and six inches deep. It was at the edge of the appellee's track, and so near it that one stepping from the car would be apt to step into it. It was easily to be seen in the light. At the close of the evidence for appellant a peremptory instruction to find for the defendant was given. For appellee it is argued that the street at the point in question was under the exclusive control of the city, which alone had either the duty or the right to make repairs, and that appellee merely undertook to safely carry appellant to

any desired point on its line, and to allow her to leave the car at any customary stopping place, such as at street crossings. It is stated, and it seems to be true, that a different duty attaches to street railway and to steam railway operators in respect to furnishing safe places for discharging their passengers. The latter must furnish such, while the former is under no such obligation, but discharges its passengers at convenient points along the streets it traverses. Booth, St. Ry. Law, sec. 326. If the street at the place of discharging the passenger presents a dangerous condition to one alighting there, and such danger is obvious to the passenger, the carrier is not liable to him for injuries received from such defects. But where the danger is known, or is such as must have been known, to the carrier, and is unknown to the passenger, as where, because of the darkness, he can not see it, the carrier is bound to warn the passenger of the danger, or to assist him in safely alighting, or stop the car at a point beyond or short of the dangerous point. Its failure to take one of these precautions renders it liable to the passenger sustaining injury because of such neglect. Railway Co. v. Scott, 86 Va., 902, 11 S. E., 404; Stewart v. Railway Co. (Minn.), 80 N. W., 854; Sowash v. Traction Co., 188 Pa., 618; 41 Atl., 743. While the street railway company is not bound to furnish safe places for depositing its passengers, it is bound to either select them or to warn the passenger of the conditions. Whether the hole in this instance was the cause of appellant's injury, or was such a defective place for discharging passengers as to render it obviously unsafe, are questions of fact that should have been submitted to the jury.

The judgment is reversed, with directions to award appellant a new trial under proceedings not inconsistent herewith. Whole court sitting.