ANNA I. TILDEN *vs.* THE RHODE ISLAND COMPANY.

MARCH 8, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Common Carriers. Duty to Provide Safe Place for Passengers to Leave Cars.*

Where the evidence of plaintiff disclosed that defendant stopped its car to allow her to alight at a place where there was a depression in the ground which had evidently been there for a long time; that defendant had established a stopping place near this point, and that the depression was so near the rail that the running-board of the car hid it from her view as she sat in the car, and that she stepped into the depression as she alighted, the evidence was sufficient to import notice to defendant of the unsafe condition of the ground, and made out a *prima facie* case which should have been submitted to the jury.

(2) *Common Carrier. Duty to Provide Safe Place for Passengers to Leave Cars. Invitation to Alight.*

When a common carrier stops a car and the conductor calls out the destination of a passenger, it is a sufficient invitation to such passenger to alight there, and he is justified in believing that he can alight with safety.

TRESPASS ON THE CASE for negligence. Heard on plaintiff's bill of exceptions, and exceptions sustained.

PARKHURST, J. We think the court below erred in directing a verdict for the defendant at the close of the plaintiff's testimony. If the plaintiff had failed to present any evidence showing negligence on the part of the defendant, it would have been proper for the court to have directed a nonsuit; or if the plaintiff had, by her own testimony, showed a state of facts (such as contributory negligence) which would have precluded her recovery in any event, it would have been proper for the court to direct a verdict for the defendant at that time.

(1)    In this case, however, the record discloses evidence tending to show that, at the point where the defendant stopped its car for the purpose of allowing the plaintiff to alight, there was a depression in the ground which must have been there for a long time, probably ever since the rails were laid, as the depres-

sion was grown up with grass and brush and partly obscured thereby; that at the time of the accident grading was being done, to level up the ground adjacent to the rails near this point; that the defendant had established a "white pole" as a stopping place quite near the point of the accident, so near, as plaintiff says, that she thinks she could have reached it with her hand, from the car, when the car was stopped where she got off; and that the depression was by the side of and so near the rail that the running-board hid it from her view as she sat in the car; and that she stepped into this depression when she alighted, and fell and was injured by reason thereof.

The evidence, as above recited, was sufficient to import notice to the defendant of the unsafe condition of the ground at the point of alighting, if such was the fact, and made out a *prima facie* case which should have been submitted to the jury.

(2) It is as much the duty of a carrier of passengers to see that the place where it stops to permit passengers to alight is such that passengers may alight safely as it is to carry its passengers safely while they are on the cars; or, in case it becomes necessary to invite passengers to alight at a point where there is danger of injury, to give such warning or such assistance, or both, if necessary, as to prevent injury. The stopping of the car at this point and the call of the conductor, "Butler Hospital," was a sufficient invitation to the plaintiff to alight there, and she was justified in believing that she could alight with safety.

The plaintiff's exception is sustained, the verdict of the jury is set aside, a new trial is granted, and the case is remanded to the Superior Court for further proceedings.

*Gardner, Pirce, and Thornley, and William W. Moss,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams,* for defendant.