OLGA A. LENTZ v. MINNEAPOLIS & ST. PAUL SUBURBAN RAILROAD COMPANY.[1]

January 5, 1917.

Nos. 20,045—(190).

**Carrier — passenger alighting upon guard rail — question of negligence.**

1. The defendant stopped its street car on a curve, so that one alighting would step upon the guard rail. In alighting in the nighttime the plaintiff stepped upon the guard rail, the heel of her shoe caught in the groove, and she was thrown and injured. It is *held* a jury question whether the defendant was negligent in stopping at an unsafe place.

**Same — degree of care required.**

2. In furnishing a safe place in which to alight the carrier owes the high degree of care imposed upon it for the safety of passengers.

**Evidence — exclusion of photographs.**

3. There was no error in excluding certain photographs offered by the defendant.

Action in the district court for Ramsey county to recover $6,100 for personal injury received while alighting from one of defendant's street

[1] Reported in 160 N. W. 794.

cars. The case was tried before Leary, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John F. Dahl, W. Y. Smiley* and *N. M. Thygeson,* for appellant.

*Otis & Otis,* for respondent.

DIBELL, C.

Action for personal injuries. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. The plaintiff was a passenger on an electric car of the defendant going north on Water street in Minneapolis. A block south of Lake Minnetonka the car turned to the east into Lake street making a far side stop. The easterly and southerly rail of the track at the intersection of the two streets was the ordinary guard rail used at curves. The guard rail is one piece of steel, with a groove in which the flange of the wheel passes, though the appearance suggests a separate rail paralleling on the inner side the rail on which the wheel travels. The necessary effect of turning the curve into Lake street was to throw the rear end of the car away from the inside of the curve, so that the rear exit of the vestibule was over the rail next to the inside of the curve or between the rails. Its precise position depended upon the degree of the curve, the distance of the end of the vestibule from the rear trucks; the distance between the trucks, and the position of the car upon the track. It was about 9 o'clock in the evening of August 16, 1914. The plaintiff passed through the rear exit, stepped to the ground and upon the guard rail with her right foot, and as she stepped down with her left her right slipped and the heel of her shoe caught in the groove, and she was thrown and injured. Her claim is that the defendant negligently stopped the car at an unsafe place for her to alight. There is no claim that it is improper street railway construction to use a guard rail at a curve. That is not the issue. The charge of negligence is on principle that sustained in Stewart v. St. Paul City Ry. Co. 78 Minn. 85, 80 N. W.

854, where a street car was stopped in such close proximity to a hole in the street that the plaintiff stepped into it when alighting. Justice Mitchell said: "The negligence charged against the defendant consisted in its stopping its car at an unsafe place for plaintiff to alight in the dark." Cases holding the principle are numerous. Indiana Union Traction Co. v. Jacobs, 167 Ind. 85, 78 N. E. 325; Tilden v. Rhode Island Co. 27 R. I. 482, 63 Atl. 675; Bass v. Concord St. Ry. 70 N. H. 170, 46 Atl. 1056; Sweet v. Louisville Ry. Co. 113 Ky. 15, 67 S. W. 4; Spangler v. Saginaw Valley Traction Co. 152 Mich. 405, 116 N. W. 373; Henry v. Grant St. Elec. Ry. Co. 24 Wash. 246, 64 Pac. 137; McGovern v. Interurban R. Co. 136 Iowa, 13, 111 N. E. 412, 13 L.R.A. (N.S.) 476, 125 Am. St. 215; Senf v. St. Louis R. Co. 112 Mo. App. 74, 86 S. W. 887. Whether the character of the groove made it dangerous to step from a car onto the guard rail in the dark, so that it was negligence to stop at a point which made it likely that one would step upon the guard rail in alighting, was for the jury. See Bieber v. City of St. Paul, 87 Minn. 35, 91 N. W. 20; Sumner v. City of Northfield, 96 Minn. 107, 104 N. W. 686; Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507. No necessity of so stopping appears. The defendant claims that it stopped at the usual place, but it claims that the step was not over or inside the guard rail. The testimony in behalf of the plaintiff puts the step in such position that one alighting would step upon the guard rail. The defendant does not claim that it was usual or necessary to stop the car in a position where the rear step would be over the guard rail. The evidence fairly sustains the verdict.

2. The court in effect charged the jury that, in furnishing a safe place to alight, the defendant owed the plaintiff the duty of exercising the highest degree of care and foresight consistent with its undertaking as a common carrier. The defendant urges that it discharged its duty if it exercised ordinary care in furnishing a reasonably safe landing place. It asks to have applied the rule of care adopted by many courts relative to so-called stational facilities. That the rule of ordinary care is the correct rule when applied to such facilities, has often been assumed by the trial courts and by this court on review, though the question has not been directly decided. It was suggested and left undecided because unnecessary to the decision in Richey v. Minneapolis St. Ry. Co.

134 Minn. 54, 160 N. W. 188. We think the precise question is not here. The defendant maintained no stational facilities in the usual sense. The ordinary street railway receives and discharges passengers at street intersections. It does not control the streets and is not responsible for their condition. A passenger having alighted, with no accompanying negligence of the carrier in affording him an opportunity and a place, takes the street as he finds it. The carrier is liable only for the negligent selection of an unsafe place. The plaintiff was a passenger until she alighted. As a part of the duty of carriage it was incumbent upon the defendant to furnish her a reasonably safe place of alighting, and in that behalf to exercise the high degree of care exacted of a common carrier of passengers. Maxwell v. Fresno City Ry. Co. 4 Cal. App. 745, 89 Pac. 367; Fillingham v. St. Louis Transit Co. 102 Mo. App. 573, 77 S. W. 314; Fort Wayne Traction Co. v. Morvilius, 31 Ind. App. 464, 98 N. E. 304; Mobile Light & R. Co. v. Walsh, 146 Ala. 295, 40 South. 560; Chicago Terminal Tr. R. Co. v. Schmelling, 197 Ill. 619, 64 N. E. 714; Richmond City Ry. Co. v. Scott, 86 Va. 902, 11 S. E. 404; Tilden v. Rhode Island Co. 27 R. I. 482, 63 Atl. 675; Turner v. City Elec. Ry. Co. 134 Ga. 869, 8 S. E. 735; Fort Worth & D. C. Ry. Co. v. Kennedy, 12 Tex. Civ. App. 654, 35 S. W. 335. And see Senf v. St. Louis & S. R. Co. 112 Mo. App. 74, 86 S. W. 887; Henry v. Grant St. Elec. Ry. Co. 24 Wash. 246, 64 Pac. 137; note 16 L.R.A. (N.S.) 467; note 32 L.R.A. (N.S.) 881. Whatever the true rule as to the degree of care required in the furnishing of general stational facilities, we are of the opinion that the furnishing of a safe place to alight, like the furnishing of an opportunity to alight safely, is so much an integral part of the operation of the car and so much a part of the duty of safe carriage that the high degree of care is applicable. We appreciate that this is not the rule everywhere and that cases opposed to those cited and which we follow are readily found. We hold the instruction correct.

3. We find no reversible error in the exclusion of photographs offered by the defendant, taken some months after the accident, purporting to show a car on the track at what the defendant claimed to be the place of the accident. The exact place was in dispute. The guard rail was described and was easily understood. The effect of turning a curve upon the rear of a car is a matter of general knowledge. The rule is

liberal in favor of receiving photographs when they illustrate a situation and are not misleading. These might have been received, but under our cases there is no available error because of their rejection. See Stewart v. St. Paul City Ry. Co. 78 Minn. 110, 80 N. W. 854; Mitton v. Cargil Ele. Co. 124 Minn. 65, 144 N. W. 434; Strasser v. Stabeck, 112 Minn. 90, 127 N. W. 384; O'Neil v. Potts, 130 Minn. 353, 153 N. W. 856.

Order affirmed.