MARIE PABST AND HENRY PABST, HER HUSBAND, AP-PELLANTS, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted February 18, 1928—Decided May 14, 1928.

For the appellants, *Kraemer & Siegler.*

For the respondent, *Henry H. Fryling.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below was a passenger for hire on the defendant's street car in the early afternoon of July 6th, 1923. She signalled the conductor that she wished to alight at the intersection of Sunset avenue and Ridge road in North Arlington. The evidence tended to show that the conductor stopped the car near such street intersection, opened the door, and, without warning, allowed the plaintiff to step off of the car into a trench into which she sank up to her waist and was injured. The evidence further tended to show that this trench had been opened a few days before by a contractor for the purpose of laying a water main in the highway; that the trench was fifteen feet long, eighteen inches wide and four feet deep, and was directly in front of the step, "about a foot and a half away from the trolley track," parallel thereto and nearly "flush with the trolley car step;" that the trench, which had been partly filled with loose earth, was, at the time of the accident, filled to within a few inches of the top with mud and water, the result of a heavy rainfall a few minutes prior to the accident, and was guarded at both ends by red lights.

The trial judge, on motion of the defendant, granted a nonsuit upon the ground that there was no evidence of defendant's negligence, and that the plaintiff was guilty of contributory negligence.

We are of the opinion that the nonsuit cannot be sustained upon either ground.

It was the duty of the defendant street car company to exercise reasonable care to see that the place selected for the plaintiff's discharge was a safe one for that purpose. *Foley* v. *Brunswick Traction Co.*, 66 N. J. L. 637.

Where, as here, the evidence tends to show that the defendant's agent opened the door of the trolley car and allowed the plaintiff, without warning, to step into a hole immediately in front of the step, of which the defendant either knew, or in the exercise of reasonable care should have known, the question of the defendant's negligence was for the jury. Whilst the jury might have inferred from the evidence that the outline of the trench was to some extent obscured by the

mud and water caused by a heavy rainfall immediately prior to the accident, yet the excavation had been going on for several days, and there was testimony to the effect that both ends of the trench were guarded by red lights, and it was certainly open to the jury to infer that the operators of the trolley car would have known of its presence if they had used reasonable care.

We also think that the question of the alleged contributory negligence of the plaintiff was for the jury.

As we have pointed out, no doubt the testimony justified the jury in inferring, if it saw fit, that the outline of the trench was more or less obscured by its having been filled with mud and water during the rainfall. But the mud-filled trench was very close to the step, and it, and the red lights at either end, may well have been outside of the natural range of vision of the plaintiff under the circumstances as she stepped off, even though she was exercising the care of an ordinarily prudent person in the circumstances. She testified that she did not see either the mud-filled trench or the guard lights before she stepped off.

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR. 1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.