**RAINS v. NATIONAL LIFE & ACCIDENT INS. CO.**

**No. 6753.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 3, 1933.

H. R. Gamble, Sydney Smith, and John W. Penn, all of El Paso, Tex., for appellant.

R. A. D. Morton, of El Paso Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, as beneficiary, brought suit to recover on a policy of life insurance for $10,000, issued by appellee on the life of her husband. The company defended on the ground that the policy had lapsed for non-payment of premiums and secured a directed verdict at the close of the evidence. There are twenty-one assignments of error, but we need not discuss them in detail as they all run to the granting of the motion for verdict.

The policy was issued July 6, 1923. It contained the following material clauses:

"7.            Cash Loans.

"At any time after premiums have been paid hereon for three full years, the Company will lend to the insured within sixty days after written request, upon proper assignment of this Policy to the Company on its prescribed form, and on the sole security thereof, an amount not exceeding the Loan Value of this Policy at the end of the then current policy year as provided in the Table of Values (11) herein contained, less any indebtedness to the Company hereon or secured hereby and any unpaid balance of the premium for the said policy year.

"8.      Non-Forfeiture Provisions.

"After premiums have been paid hereon for three full years, in case of default in the payment of any premium or instalment thereof on the date when due, the Insured shall have the choice of one of the following:

"Options.

"(1) Paid-Up Insurance: Upon written application therefor and legal surrender of this Policy to the Company at its Home Office, within the grace period, the Company will issue a non-participating paid-up policy, payable at the same time and on the same conditions as this Policy, for such an amount as the cash surrender value of this policy at date of default will purchase, as hereinafter provided; or,

"(2) Automatic Extended Insurance: To have the amount insured hereunder automatically extended and continued in force from such due date as term insurance, without the right to loans, for its face amount, for the number of years and days which the cash surrender value at date of default will purchase, as hereinafter provided; or,

"(3) Cash Surrender Value: Upon legal surrender of this Policy to the Company at its Home Office within the grace period, to receive in cash, not later than sixty days thereafter, as its surrender value, the full reserve on this Policy computed on the date of default upon the American Experience Table of Mortality with interest at the rate of three and one-half per cent. per annum, less a maximum amount at the end of the third policy year not exceeding two and one-half per cent. of the amount insured and thereafter decreasing, and less any indebtedness hereon or secured hereby.

"11.            Table of Values.

"The values in the following table are for full paid policy years, subject to any indebtedness and will be adjusted proportionately for additional instalments of premiums beyond the full paid policy years. This is the table referred to in paragraphs 7 and 8 on page 2.

| After Policy Has Been in Force | Paid-up Insurance | Extended Insurance Years | Days | Cash Surrender of Loan Values |
|---|---|---|---|---|
| 3 years | $560 | 2 | 161 | $240 |
| 4 years | $880 | 3 | 321 | $390" |

On May 25, 1926, the insured borrowed $225 on the policy. The cash surrender or loan value at that time was $240. Premiums were payable quarterly. The last premium received by the company was that due July 6, 1926. The insured gave a check in pay-

ment of the premium due October 6, 1926, which would have continued the policy to January 6, 1927, but the check was never paid. The insured died on November 17, 1929.

Appellant concedes that the policy had lapsed, but contends that the premiums were paid up to January 6, 1927, at which time the cash surrender value was $315, without deducting the loan, which was sufficient to extend the policy beyond the date of the insured's death. Appellee disputes the payment of the October premium, contends that the loan should be deducted in determining the cash surrender value, and further contends that, even if the policy be considered to have lapsed on January 6th and the loan be not deducted, the extended insurance would have expired before the date of the insured's death, basing this last contention on the testimony of its actuary. We are spared the necessity of considering these conflicting contentions except as to the question of whether the loan should be deducted in computing the cash surrender value of the policy, as appellant concedes that, if the loan should be deducted, the policy was void at the time of the insured's death.

We must decide this question against appellant, as did the District Court. The policy is unambiguous. Construing all the clauses above quoted together, it is clear that the cash surrender value must be determined by first deducting any unpaid loan against the policy. We must give effect to the contract as made by the parties. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416.

Affirmed.