**DALLAS RAILWAY & TERMINAL CO.,**
**Appellant,**

v.

**Lewis A. JARVIS, Appellee.**

No. 14763.

Court of Civil Appeals of Texas.

Dallas.

Jan. 29, 1954.

Rehearing Denied Feb. 26, 1954.

neath the door where Hannah 'Jarvis would leave said bus, which was a failure to use a high degree of care and a proximate cause of the accident; (9) Hannah Jarvis did not fail to keep a proper lookout in alighting from the bus; (11) did not fail to exercise ordinary care in stepping upon the middle safety zone button at the time and on the occasion in question; and (13) her injuries were not the result of an unavoidable accident. The jury acquitted appellant of all other acts of negligence and found the damages to be $1,160.

The trial court overruled motions to disregard the jury's answers and to enter judgment n. o. v.; entered judgment for appellee on the verdict; and the Railway Company, after its amended motion for a new trial was overruled, duly perfected this appeal, here briefing four points of error, in substance: Error (1) in overruling its motion for judgment n.o.v.; (2) in failing and refusing to disregard the jury's answers to issues 1, 2, 7, and 8; (3) in failing to hold Hannah Jarvis was contributorily negligent as a matter of law; and (4) in failing and refusing to disregard the jury's answers to issues 9 and 11.

We will consider all points together. The effect of the jury's findings, in the light of the testimony, was that the streetcar company was negligent in stopping its bus so that the center of the door out of which Hannah Jarvis was to leave the bus was even with the two oblong or end buttons which ran out at a ninety-degree angle from the bus a distance of about four feet to where the long line of round buttons ran parallel with the tracks to form the safety zone between the streetcar and the traffic lane between the safety zone and the curb for waiting, boarding, and discharging passengers from the bus; and that such negligence was a proximate cause of the accident, when the passenger, Hannah Jarvis, in leaving the bus at a time when the bus was not moving, stepped upon one of such buttons, falling and injuring herself. The material question is whether, the City having placed the buttons as it did, which is not negligence, the bus operator was negligent in stopping the bus so that a passen-

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellant.

Chaney & Davenport and Fred S. Harless, Dallas, for appellee.

CRAMER, Justice.

This was an action for damages for personal injuries sustained by Hannah Jarvis, wife of appellee, when she fell while alighting from the side exit door of one of appellant's busses. The jury, material to this appeal, found in answer to special issues that: (1–2) The driver of the bus in question failed to use a high degree of care in keeping a proper lookout for the safety of Hannah Jarvis immediately before the accident in question, which negligence was a proximate cause of the accident; (3) the bus driver did not start the bus before Hannah was clear of the bus; (6, 7, 8) the driver stopped the bus in such position that the safety zone buttons were directly be-

ger alighting therefrom would more than likely have to step on such button in alighting. Appellant cites Shepard v. Denver Tramway Corp., 10 Cir., 62 F.2d 339, and Wullbrandt v. City of Seattle, 196 Wash. 645, 84 P.2d 123. In the Wullbrandt case the passenger had safely placed her feet upon the street and because of crowded conditions on the street, stumbled on one of the markers out from and running parallel with the streetcar track. She fell upon such obstruction after she had completed a safe landing on the street. Such case is not in point here. The Shepard case is in point and the majority opinion is in accord with appellant's contention. However there was a dissenting opinion in that case by one of the Circuit Judges. We have considered the reasoning of both the majority and the dissenting opinions and have reached the conclusion that the dissenting opinion more nearly comports with the general trend of later decisions, and with the law in Texas. Houston Transit Co. v. Zimmerman, Tex. Civ.App., 200 S.W.2d 848 (ref.n.r.e.); Texas N.M., Okl. Coaches v. Williams, Tex.Civ.App., 191 S.W.2d 66 (ref.w.m.); Houston Transit Co. v. McQuade, Tex.Civ. App., 223 S.W.2d 64 (ref.). We therefore adopt the following from the dissenting opinion in the Shepard case [10 Cir., 62 F.2d 341]:

"The case belongs to that class where a passenger is invited to alight at a place of danger due to the maintenance of some improvement placed by a city in the street. It should be distinguished from those cases where the city alone is negligent, or the passenger after alighting travels into a place of danger. The two factors to be considered are the negligence of each party.

"The passenger must not contribute to the accident. The plaintiff testified that the lowest step of the car was high from the pavement, she looked down carefully, stepped down very slowly and carefully, and the buttons were of the same color as the pavement, which looked smooth. She had often alighted at that intersection, knew the buttons were on the street, but she 'didn't figure them out, they went so far back.' The accident happened at night. The plaintiff said she guessed it was light. On this evidence, it seems to me the question of contributory negligence was one for the jury.

"On the subject of defendant's negligence, which the majority has determined in its favor, it is true the zone buttons were legally installed by the city for the safety of travelers, and the company had the right to stop the car elsewhere than at the intersection for purposes of its safety and convenience. But, in doing so, its duty was not to open the gates and invite plaintiff to alight where she would be subjected to unnecessary hazard. It could reasonably anticipate that if the steps were directly over an oval zone button she would alight on it, and by turning her ankle sustain an injury. Whether it was due prudence to invite her to alight where she did so was certainly a question for the jury. For the duty of the company was to exercise toward plaintiff as a passenger the high degree of care of a prudent operator under the circumstances. 10 C.J. pp. 944, 945.

"Analogies are found in many cases. In Wakeley v. Boston Elevated Ry. Co., 217 Mass. 488, 105 N.E. 436, the car was stopped beyond the regular stopping place, the operator invited plaintiff to alight, and she was injured by stepping into a depression. It was held that negligence of both parties was for the jury. Like decisions were rendered in Bass v. Concord Street Ry. Co., 70 N.H. 170, 46 A. 1056; Pabst v. Public Service Ry. Co., 104 N.J. L. 537, 141 A. 773; Murray v. Seattle Electric Co., 50 Wash. 444, 97 P. 458; and Stewart v. St. Paul City Ry. Co., 78 Minn. 85, 80 N.W. 854."

See also 10 Am.Jur. 54, Carriers, sec. 1008, and cases there cited.

■■ The evidence having in our opinion made issues of fact submitted to the jury, their findings thereon are binding unless set aside in the trial court or by this Court. The record in our opinion here does not justify our finding that they are so against the great preponderance of the evi-

dence that to permit them to stand would result in manifest injustice. We should not, therefore, set them aside here.

Points 1 to 4 inclusive are for the reasons stated above overruled.

Finding no reversible error in appellant's points, the judgment below is

Affirmed.