CASE 96—ACTION BY ISAAC GOODMAN'S ADMR. AGAINST L. & N. R. R. Co. FOR CAUSING DEATH OF PLAINTIFF'S INTESTATE.—DEC. 1.

# Goodman's Admr. v. Louisville & N. R. R. Co.

### APPEAL FROM HART CIRCUIT COURT.

FROM A JUDGMENT DISMISSING THE ACTION, PLAINTIFF APPEALS. AFFIRMED.

RAILROADS—KILLING PERSON ON TRACK—NEGLIGENCE—EVIDENCE—SUFFICIENCY—LICENSE—TRESPASSER.

Held: 1. A railroad company owes no duty to trespassers on its tracks at places not frequented by the public by right or permission until their peril has been discovered.

2. In an action against a railroad company for the death of a child on its track in a cut seven or eight feet deep and about 230 yards from a crossing, evidence that it was possible for the engineer to have discovered the child when the train was at the crossing was insufficient to justify a finding that the engineer was negligent in not then discovering the child, where the brakeman testified that he was in the cab; that, after passing the crossing, he saw an object on the track about 150 yards ahead, which looked like a piece of paper, but that when the train had approached within thirty feet of the object he discovered that it was a child lying between the rails.

3. Where it was shown that a railroad track in a deep cut was fenced on both sides, and was inclosed by iron cattle guards at the crossings, evidence of the mere occasional passage of unauthorized pedestrians on the track there with the knowledge of the company was not sufficient to convert a trespasser there to a licensee.

McCANDLESS & JAMES, FOR APPELLANT.

### SYNOPSIS OF BRIEF.

1. The peremptory instruction to find for the defendant, ought not to have been given. I. C. R. R. Co. v. Walters, 22 Ky. Law Rep., 137; Eskridge's Exr. v. R. R. Co., 89 Ky., 372; Fugate v. City of Somerset, 16 Ky. Law Rep., 807; Morris' Admr. v. L. & N. R. R. Co., 22 Ky. Law Rep., 1596; Dolfinger v. Fishback, 12 Bush, 474.

Goodman's Admr. v. Louisville & N. R. R. Co.

(1.) Because the evidence was sufficient to justify the jury in finding that those in charge of the train saw the peril of the deceased in time to have prevented his injury, by the exercise of ordinary care. Shearman & Redfield on the Law of Neg., secs. 58, 59, 483; Becker v. L. & N. R. R. Co., 22 Ky. Law Rep., 1896; Meeks v. Sou. Pac. R. R. Co., 56 Cal., 513; East Tenn. R. R. Co. v. St. John, 5 Sneed, (Tenn.), 524; Keyser v. R. R. Co., 66 Mich., 390; Vanarsdall v. L. & N. R. R. Co., 23 Ky. Law Rep., 1666.

(2.) It was within the province of the jury to determine whether or not the deceased had sufficient discretion to be an actual trespasser, and if they should find that he did not have this discretion, the railroad company was liable, if by the exercise of proper care those in charge of the train could have seen the deceased in time to have prevented his injuries. C. N. O. & T. P. R. R. Co. v. Dickinson, 19 Ky. Law Rep., 1917; Ky. Cent. R. R. Co. v. Gastineau's Admr., 83 Ky., 125; McDermott v. R. R. Co., 93 Ky., 408; Conley's Admr. v. R. R. Co., 89 Ky., 402; East Tenn. Coal Co. v. Harshaw, 16 Ky. Law Rep., 526; Heilman v. Comwlth., 84 Ky., 457; vol. 7, (2d ed.), Am. & Eng. Ency. of Law, 405 and notes; Willet v. Com., 13 Bush, 230; South Cov. R. R. Co. v. Herrklotz, 20 Ky. Law Rep., 750.

2. The court refused to admit competent evidence offered by the plaintiff. L. & N. R. R. Co. v. Schmetzer, 94 Ky., 429; Roseberry's Admr. v. Railroad Co., 19 Ky. Law Rep., 194.

J. A. MITCHELL, E. W. HINES AND B. D. WARFIELD, FOR APPELLEE.

POINTS AND AUTHORITIES.

1. On the pleadings alone the judgment should be affirmed. Embry v. L. & N. R. R. Co., 18 Rep., 434.

2. The appellant's intestate was not of such tender years as to exempt him from the charge of contributory negligence. His capacity, or want of capacity, was an issuable fact, and was not raised in the pleadings. Pratt Coal & Iron Co. v. Brawley (83 Ala., 371), 2 Am. St. Rep., 751; Kenzer v. Pittsburg Ry. Co., 43 N. E., 649.

3. Duty of court to direct verdict because no proof showing want of capacity of deceased. Wendell v. N. Y. Cen. Ry. Co., 91 N. Y., 420; Tucker v. N. Y., etc. Ry. Co., 124 N. Y., 308; Nagle v. Alleghany Valley Ry. Co., (88 Pa. St., 35), 32 Am, Rep., 413; Shearman & Redfield on Neg., sec. 73a; C. C. C.

& St. L. Ry. Co. v. Tartt, 64 Fed. Rep., 831; Kenzer v. Pittsburg, etc. Ry. Co., 43 N. E., 649.

4. There was no negligence on the part of those in charge of the train, and therefore, aside from the question of contributory negligence, there can be no recovery. 2 Shearman & Redfield on Neg., sec. 481a; Roseberry's Admr. v. N. N. & M. V. Ry. Co., 19 Rep., 194; L. & N. R. R. Co. v. Vittitoe's Admr., 19 Rep., 613.

5. The fact that the engineer or some other servant on the engine sees an object which on closer approach turns out to be a human being, does not impose the duty of stopping the train until it is discovered as such. L. & N. R. R. Co. v. Williams, 69 Miss., 631, (2 So. R. 957), Missouri Pac. Ry. Co v. Prewitt, 13 A. & E. Ry. Cas. (N. S.), 810; Chrystal v. Ry. Co., 11 N. E., 380 (N. Y.).

The case of Becker v. L. & N. R. R. Co., 22 Rep., 1893, does not contravene the doctrine of the Williams, Prewitt and Chrystal cases above cited. Compare also Vanarsdall v. L. & N. R. R. Co., 23 Rep., 1666.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, J. M. Craddock, as administrator of Isaac Goodman, deceased, brought this suit to recover damages for the death of his intestate. The petition alleges that "on the 27th day of August, 1901, the defendant, its agents and servants, negligently and carelessly ran one of its freight trains over the body of the said Isaac Goodman, inflicting upon him injuries which instantly resulted in his death." Defendant, the Louisville & Nashville Railroad Company, denied the alleged negligence, and in a second paragraph pleaded that the death of the plaintiff's intestate was the direct result of its own contributory negligence. The reply was a traverse of the plea of contributory negligence. The trial in the circuit court resulted in a peremptory instruction to find for the defendant and a judgment dismissing the action, from which this appeal is prosecuted.

It is complained that the trial court erred in the peremptory instruction, and also in rejecting competent evidence

which was offered by the defendant. It appears from the bill of evidence that the decedent was run over and instantly killed by one of appellee's south-bound freight trains 2 miles north of Horse Cave station, and 230 yards south of a public road crossing, and about the same distance from a private crossing on the north, in a cut 7 or 8 feet deep. It is further shown that the deceased was an ordinarily intelligent boy, 11 years of age, and that he went upon the railroad right of way with a bag for the purpose of picking up pieces of coal which had fallen from the tender of passing engines, and that he had been in the habit of doing this, and had been cautioned, both by his father and older brother, about the danger of passing trains. Robert Wilkerson, a brakeman in the employ of the railroad company, was the only witness to the accident who testified. He was called by plaintiff, and testified that he was sitting in the cab of the engine on the opposite side from the engineer, and gave the usual signals of the approach of the train to the public crossing; that the train was traveling at between 32 and 35 miles an hour, and consisted of 28 loaded freight cars; that after he had passed the public road crossing he saw an object on the track about 150 yards ahead, which looked like a piece of paper, but that when the engine had approached within about 30 feet of the object he discovered the deceased lying on the track between the rails; that the engineer immediately applied the brakes, and stopped the train after it had run about two car lengths farther than the length of the train (or, in other words, that the body of the boy was about two car lengths behind the caboose) ; and that it could not have been stopped any sooner, or in time to have avoided running over the deceased after it was discovered that the object upon the track was the deceased. The plaintiff introduced testimony tending to show that it was possible for the deceased to have been discovered by the engineer at

the public crossing, which was about 230 yards from the point where he was lying at the time he was killed, and it is contended that this was sufficient evidence to have justified the jury in believing that decedent was seen by the defendant's agents in charge of the train in time to have avoided the accident; or that, in any event, it was sufficient evidence to have authorized the submission of the case to the jury. In response to this contention it may be said that this court has repeatedly held that a railroad company owes no duty to trespassers upon its track at places not frequented by the public by right or permission, until their peril has been discovered. And we do not understand that this well-grounded rule was changed by the decision in Becker v. L. & N. R. R. Co. (110 Ky. 474; 22 R. 1893) 61 S. W. 997.

That case was decided upon the ground that the testimony was sufficient to have authorized the belief that defendant's agents saw the children upon the bridge in ample time to have avoided injuring them, but negligently failed to take the necessary steps to do so, under the belief that the children upon the bridge had time to have crossed over before the arrival of the train. The appellant also cites the case of the C., N. O. & T. P. R. R. Co. v. Dickerson's Adm'r (102 Ky., 560; 19 R. 1817) 44 S. W. 99, as authority for the contention that a higher degree of care is required for railroad companies where the trespassers upon their tracks are infants of tender years than where such trespassers are adults. In that case a little girl, two years of age, was playing upon the railroad track; and, while the engineer testified that he did not see her until he was within 20 feet of her, and too late to avoid the injury, he admitted that he saw the mother of the child running towards the track, waving her hands, her hair streaming in the air, apparently greatly excited. It also appeared that there was a straight track and nothing to obstruct the

view for about 800 yards where the accident occurred. It was decided in that case that the motions and action of the infant's mother were sufficient to have apprised the engineer in charge of the train of the presence of some obstruction upon the track, and to have authorized the jury to believe that he actually became aware of the danger of the infant in time to have stopped the train before striking her. The facts in this case are not analogous to those in the Dickerson case. Here deceased was entirely familiar with the danger of going upon the track of the railroad. He had been sent there frequently upon the same mission as that he was on when killed. He was old enough to appreciate the danger of the situation, and his view was unobstructed in both directions. He would have had ample time to have gotten off the track if he had been using ordinary care after he might have discovered an approaching train. In broad daylight he laid down between the rails, and it certainly can not be said that it was negligence in the engineer in charge of the train not to have discovered his position of peril at the very first moment when it might have been discovered by one who went there for the express purpose of ascertaining whether such discovery was possible. Trains must be run on schedule time, and no duty is imposed upon those in charge to stop or slow up at the appearance upon the track of objects the nature of which is only discernible upon near approach. If the object seen by Robert Wilkerson has been at a highway crossing, or in the street of a town or city, where the presence of small children might be suspected, a different case would be presented, and a different standard of diligence could have been required. Appellee's engineer had no more reason to suppose an infant would be upon its track at the point where the accident in this case occurred than an adult, and owed no higher degree of diligence to him than to an adult. See Paducah & Memphis R. R. Co. v. Hoehl

Goodman's Admr. v. Louisville & N. R. R. Co.

75 Ky. 49; L. & N. R. R. Co. v. Hunt (11 R. 825) 13 S. W. 275; L. & N. R. R. Co. v. Webb (99 Ky. 332) 18 R., 258, 35 S. W. 1117; McDermott v. K. C. Ry. Co., 93 Ky. 408, 14 R. 437; 20 S. W. 380; 2 Shearman & Redfield on Neg. sec. 481a; Roseberry's Adm'r v. N. N. & M. V. R. R. Co. (19 R., 194) 39 S. W., 407.

It is also complained that the trial court erred in refusing to permit the plaintiff to prove that the railroad at the point where deceased was killed had been, with the knowledge of the company, used as a footway by pedestrians for many years, and that for this reason deceased could not be regarded as a trespasser. The testimony shows that the railroad is fenced on both sides, and is enclosed by iron cattle guards at the two crossings. Besides, the point where the accident occurred was in a deep cut. There was no claim that the company had ever authorized the use of their roadbed at this point as a footway, and the mere occasional passage of unauthorized pedestrians at this point with the knowledge of the company was not sufficient to convert a trespasser into a licensee, or to change the degree of care due by the railroad company. Upon the whole case we have reached the conclusion that there was no evidence of negligence on the part of those in charge of the train, and that the trial court did not err in its peremptory instruction,

Judgment affirmed.