[No. 7353. Decided September 29, 1908.]

JAMES C. MURRAY *et al.*, *Respondents*, v. SEATTLE ELECTRIC
COMPANY, *Appellant*.[1]

CARRIERS—NEGLIGENCE—SETTING DOWN PASSENGERS.  Whether a
street railway company is guilty of negligence in stopping its street
car for a passenger to alight, on a dark night, directly over an exca-
vation for a sewer, of which it had notice, is a question for the jury,
where there was evidence that the passengers on the car saw the
hole, although the motorman testified that it was so dark he could
not see it, and stopped his car with reference to a red light that had
marked the place, but which had been moved without his knowledge,
and the evidence being conflicting.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered December 3, 1907, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
for personal injuries sustained by a passenger alighting from
a street car. Affirmed.

*James B. Howe* and *A. J. Falknor*, for appellant.
*McClure & McClure*, for respondents.

CROW, J.—Action by James C. Murray and Frances L.
Murray, husband and wife, against the Seattle Electric Com-
pany, a corporation, the city of Seattle, George W. Walker,
and Jane Doe Walker, his wife, for damages for personal in-
juries sustained by the plaintiff Frances L. Murray.  Before
trial the plaintiffs voluntarily dismissed the action as to the
defendant the city of Seattle.  On a jury trial, a verdict for
$2,000 was returned in favor of the plaintiffs against the
defendant the Seattle Electric Company, and a verdict in
favor of the defendants Walker and wife was returned against
the plaintiffs.  From the judgment in favor of the plaintiffs
and against the Seattle Electric Company, entered upon the
verdict, the Seattle Electric Company has appealed.

[1]Reported in 97 Pac. 458.

Appellant's first contention is that the trial court erred in entering judgment against it for $2,000, or for any part thereof, for the reason that the evidence fails to show that it has been guilty of negligence. From the evidence it appears that, about 10 o'clock on the evening of October 31, 1905, the respondent Frances L. Murray and her mother took passage on one of the appellant's street cars, to return to their home; that the car, which was open at both ends, was provided with outside seats; that it was also provided with inside seats in its middle or inclosed portion where Mrs. Murray and her mother rode; that Mrs. Murray endeavored to alight at the intersection of Tenth avenue north and East Prospect street, where the conductor, upon her request, signalled the motorman to stop, and she left the inner portion of the car, stepped to the rear, attempted to leave the car on the west side, but dropped into an open hole about six feet in diameter and seven or eight feet deep, thereby sustaining the injuries of which she now complains. The evidence further shows that the city of Seattle had entered into a contract with the defendant George W. Walker for the construction of a sewer system along Tenth avenue North; that, in the progress of this work, Walker had caused the hole to be excavated; that when his employees ceased work on the evening of October 31, they covered the hole with planks and lit and placed a red lantern almost immediately over it, as a signal of danger; that there were other excavations in the immediate locality pertaining to the sewer construction, and that on the east side of the car line the appellant itself had made an excavation in grading for an additional track. There is no question but that appellant's servants stopped the car with its steps directly over the hole, so that in the darkness a passenger in the act of alighting would be in imminent danger of stepping into the hole, just as Mrs. Murray did.

The appellant contends that it was not guilty of negligence, for the reason that the motorman had carefully noticed the location of the red light immediately over the manhole;

that he had on previous trips stopped the car some distance to the south thereof, at a point where ties or planks had been laid across Tenth avenue for the use of teams and pedestrians, and where it was perfectly safe for passengers to alight; that after his last preceding trip, the light had been moved further north to a different location, and the planks had been taken from over the hole without his knowledge; that he stopped his car with reference to the light as moved; that he exercised due care in so doing, and that the accident happened without negligence on the part of appellant or any of its employees. Under the evidence, which was conflicting, we are unable to hold, as a matter of law, that the appellant was not chargeable with negligence. The motorman testified that, situated as he was, he could not see the hole at the time of the accident, and that in stopping his car he was guided entirely by the red lantern. Passengers riding on the outer portions of the car did see the hole, and one of them attempted to warn the respondent of its presence and of her danger; but the warning came too late. The respondent testified that, on coming from the inner portion of the lighted car, she could not, or did not, see the hole before stepping into it. It is the duty of a carrier to provide a safe place for its passengers to disembark. The locality in which the respondent wished to leave the car was, by reason of the improvements in progress, an exceedingly dangerous one, and particularly so during the night season. While it is true that the respondent, who resided in the immediate neighborhood, had some knowledge of the unsafe condition of the street, she nevertheless had a right to expect that the appellant, having the same knowledge, would perform its duty in so stopping the car as to provide her with a safe place for alighting. This it did not do, and under all the evidence it was for the jury to determine whether the appellant was guilty of negligence in failing to perform such duty, and also to determine whether the respondent was guilty of contributory negligence as pleaded and claimed by appellant. By its verdict the jury

determined both of these issues in favor of the respondent and, under the conflicting evidence, we are without authority to reverse their decision.

The appellant further contends that excessive damages have been awarded. We have carefully examined all the evidence bearing upon this proposition and, without discussing the same in detail, will say that, although the damages awarded appear to be ample compensation to the respondent for her injuries, we do not find them so excessive as to justify us in disturbing the judgment; especially so in view of the fact that the same question was raised in the lower court, and that the trial judge, who saw the witnesses and heard them testify, declined to make any reduction.

The judgment is affirmed.

RUDKIN, MOUNT, and ROOT, JJ., concur.

HADLEY, C. J., and FULLERTON, J., took no part.