HARRIET H. WHITE, EXECUTRIX, *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A passenger alighting from a street-car at a regular stopping-place is entitled to have a reasonable opportunity after leaving the car to get beyond danger from its movements and operation.

In rounding a sharp curve the ends of a long trolley-car of the defendant projected beyond or overhung the outer side of the curve two or three feet, and thus rendered the position of a passenger alighting at that point one of actual, though not of apparent, danger from the subsequent movements of the car. *Held* that in this situation the defendant, having made that point a regular stopping-place for its passengers, was bound to adopt some precautions for their safety, either by waiting until they were seen to be out of danger, or by warning them of the peril of remaining in close proximity to the car.

The evidence in the present case reviewed and *held* not to support the defendant's contention that the alighting passenger was guilty of contributory negligence as matter of law.

It is only where facts have been found without evidence that the finding is open to alteration by this court.

Argued October 6th—decided December 2d, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in Hartford County, *Bennett, J.*, after the death of the original plaintiff and the entry of her executrix; facts found and judgment rendered for the plaintiff for $3,586, and appeal by the defendant. *No error.*

*Joseph F. Berry*, for the appellant (defendant).

*Herbert O. Bowers*, for the appellee (plaintiff).

RORABACK, J. This action was commenced by Harriet E. White, who alleged in her complaint that she had sustained injuries by reason of the defendant's negligence in the operation of its trolley-car. Prior to the trial of the case in the Superior Court Harriet E. White died, and her executrix, Harriet H. White, entered to prosecute.

The evidence justified the trial court in finding the following facts: Mrs. White, now deceased, at the time mentioned in the complaint, was a woman eighty-two years of age, active, and sound in bodily and mental

health.   She was a particularly active woman for her years, and was accustomed to travel unassisted on trolley-cars.   Her eyesight was good.   She boarded a car at Depot Square in Manchester, intending to ride to Adams Street in the village of Buckland.   While a passenger on this car she gave notice to the conductor of the car that she desired to alight at Adams Street. She had alighted at this place on former occasions.

The car in question was a large open car about forty feet in length.   It was equipped with a double-step running board, extending the entire length of the car on each side.   The plaintiff's testatrix sat in a seat between the front and the middle point of the car. When the tracks of the defendant reach the east line of Adams Street they cross that street by a very sharp curve, and continue on the right-hand side of the street going toward Hartford.   The regular stopping-place of the car at Adams Street is on this curve, and the ends of cars in rounding the curve overhang on the outer side of the curve to a much greater extent than if the cars were running upon a straight rail.   It had been the rule and custom of the defendant for several years to require passengers to alight at this point upon the right-hand side of the car, or the long side of the curve.

The motorman of the car had run cars over this line of the defendant for two years or more prior to the day in question.   The conductor had been in charge of this car for fully two months prior to September 5th, 1912. Both motorman and conductor were familiar with the curvature of the tracks at this point, and both knew well that in passing over the curve the rear of the car swung to the right to the extent of at least two or three feet, and rendered the place dangerous to passengers alighting from cars at this point.

On the day in question, when Mrs. White alighted from the right-hand side of the car in the highway, it

was necessary to step away from the car a sufficient distance in order that the rear end of it would not strike her as the car started up and continued around the curve. Mrs. White was intending to make a visit at a house upon the opposite side of the tracks from the place where she alighted, and it was necessary for her to cross the tracks for that purpose. When she alighted she took a couple of steps away from the car. The conductor, at the time Mrs. White alighted from the car, was standing on the rear platform. He saw her take a couple of steps away from the car, and, assuming that she would be able to get to a point of safety, signalled the motorman to start the car, and then stepped to the left side of the car in order to raise the guard rail on that side. No assistance was proffered or given to Mrs. White in alighting from the car by the conductor or by the motorman, and no warning of danger was given her by either the conductor or motorman, though they both well knew that Mrs. White was in danger of being struck by the car when it rounded the curve.

The car started suddenly, rounding the curve, and the rear part of the car struck her as it swung out over the highway. She was struck in the back, thrown to the ground, and sustained injuries by reason of the fall. Her leg was broken at the hip. She received immediate surgical attention, was removed to the Hartford Hospital, where she remained about two months, and was brought to her home in Manchester on December 5th, 1912. She suffered much physical and mental pain, and worried much over her condition. About three weeks after she returned home, while in a weakened condition, she contracted pneumonia, and died from the effects of pneumonia on January 2d, 1913.

The Superior Court, from all the evidence, was justified in reaching the conclusion that Mrs. White

did not have a reasonable opportunity to get away from the car after the conductor signalled the motorman to start it. This place was on the sharpest point of an abrupt curve. It was a dangerous place for persons to alight from the defendant's cars. It is unnecessary to inquire whether the railway company was directly responsible for the dangerous character of the place as a point to receive and unload passengers. The company had adopted and was using it as a regular stopping-place for its cars. It has also been found that the defendant's servants well knew of its danger, and that Mrs. White was in a perilous situation when they started the car. Under such circumstances it is manifest that some precaution adapted to the situation should have been used, such as waiting until it could be seen that she was out of danger, or by warning her of the perilous situation that she was in. This was not done.

A passenger alighting from a car after it has stopped at a regular stopping-place is entitled to have a reasonble opportunity after leaving the car to get beyond danger from its movements and operation. 6 Cyc. 612, and cases cited in note 53.

The statement of facts already made is sufficient answer to the claim of the defendant that Mrs. White was guilty of contributory negligence as a matter of law. While the actual situation was dangerous, the apparent situation was free from danger to one in Mrs. White's position. Under the circumstances disclosed by the finding, what should she, a woman of eighty-two years of age, have done that she did not do? Unconscious of danger, she did what any other person would have done under the same or similar circumstances. She had the right to assume, unless notice was given to the contrary, that the place was a safe one. Powers v. Connecticut Co., 82 Conn. 665, 669, 74 Atl. 931.

The evidence and rulings of the court are before us under the provisions of § 797 of the General Statutes. The defendant, by its reasons of appeal, contends that several of the facts set forth in the finding are not warranted in the evidence, and we are asked to amend the finding in its material and controlling questions. The law which governs motions of this character is well settled in this State. It is that they will not be granted unless such facts have been found without evidence. This does not appear.

There is no error.

In this opinion the other judges concurred.