## TRAIL v. TULSA STREET RY. CO.

No. 14408—Opinion Filed Jan. 15, 1924.

1. **Street Railroads—When Status of Passenger Ceases.**

A person ceases to be a passenger on a street railroad as soon as he fully steps from the car into a public street and has had a reasonable opportunity to leave the place at which he alights, provided he is set down at a place which is reasonably safe and proper for that purpose.

2. **Same—Discharging Passenger on Corner Curve of Track.**

A fortiori, the rule of syllabus par. 1 above applies in determining the duty of such car-

rier to a passenger discharged at a stop on a corner curve of the track, for that such place may not be reasonably safe, or convenient.

### 3. Same—Injury to Passenger from Overhang in Rounding Curve—Negligence.

In such case, evidence tending to show that such passenger was struck and injured by the overhang of such car in rounding such curve and before such reasonable opportunity to leave the place of alighting, may constitute negligence of the carrier, and is competent and should be submitted to the jury upon the proximate cause of such injury.

### 4. Same—Duty To Pedestrians.

A street car company is not bound to warn pedestrians on the streets to prevent injury from the overhang of a car in rounding the curve, since that is a matter of common knowledge of which every one must take notice.

### 5. Appeal and Error—Disposition of Cause.

Record examined, and held, that the court erred in sustaining demurrer to plaintiff's evidence.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Loretta Trail against Tulsa Street Railway Company for damages for personal injuries. Demurrer of defendant to evidence of plaintiff sustained, and plaintiff appeals. Reversed.

Joseph A. Gill, for plaintiff in error.

A. F. Moss, L. G. Owen, and J. C. Farmer, for defendant in error.

Opinion by ESTES, C. Loretta Trail sued Tulsa Street Railway Company for damages alleged to have been sustained from personal injuries received by her in alighting from a street car of defendant. She was a passenger for hire on such car going north on Main street. She signaled for the purpose of alighting at the intersection of Main and Cameron streets. The track of defendant turned to the west from Main upon Cameron. Plaintiff claims that the car was not stopped until it reached the curve making such turn, at which place plaintiff alighted. Her version of the accident is:

"Q. What did you do after alighting from the car? A. Why, I got up and went off; and before I could find by bearings, I was struck. I was struck so instantly it rendered me unconscious. * * * Q. Just tell the jury how that occurred there and what occurred there. A. Well, as I stepped off, before I knew where I was it hit me and knocked me this way (indicating), and I fell this way (indicating), and I kind of drew up myself and started across the street. * * * Q. State what happened as you alighted from the car. Just tell these men as you would tell anybody else. A. Well, just as I told you, the car started so quick and struck me so suddenly until I don't know what hit me. I just never got any chance—you know what a blow is to the head. * * * Q. Whereabouts, with reference to said crossing was the door of the car as you alighted? A. Well, I don't know. It was just so, it was right facing north. As I alighted, I faced the north."

On cross-examination, plaintiff answered:

"Well, just as I said before, it was on the curve where it stopped. It was like that (indicating) and as I alighted, before I found my bearings I was struck."

Plaintiff contends that upon alighting from said car and before she had time to reach a place of safety, the servant of defendant, by starting said car quickly, caused her to be struck by the rear thereof, due to the overhang of the car in negotiating the curve. At the conclusion of plaintiff's testimony the court sustained a demurrer to the evidence and rendered judgment in favor of the defendant. Plaintiff duly appeals and assigns error of the court in sustaining such demurrer.

1. Said evidence tends to show that said Loretta occupied the status of passenger at the time of said injury. With reference to street cars the rule is stated in 10 C. J. 627:

"That a person ceases to be a passenger as soon as he fully steps from the car into a public street and has had a reasonable opportunity to leave the place at which he alights provided he is set down at a place which is reasonably safe and proper for that purpose." See Louisville Ry Co. v. Kennedy, 162 Ky. 560, 172 S. W. 996.

2, 3. When a passenger is discharged from a street car at a regular stopping place, the passenger is entitled to have a reasonable opportunity after leaving the car to get beyond danger from its movements and operation. White v. Connecticut Co., 88 Conn. 614, 92 Atl. 411. Therein it is said the overhang of the street car in rounding a curve rendered the position of a passenger alighting at that point one of natural though not apparent danger from the subsequent movements of the car. The court held that in this situation the defendant, having made the point a stopping place, was bound to wait until the passenger was out of danger or warn him of the peril of remaining in proximity to the car.

See Loggins v. Southern Utilities Co. et al. (N. C.) 106 S. E. 822. This court, in Muskogee Electric Traction Co. v. Elsing, 86 Okla. 286, 208 Pac. 264, is committed to the doctrine that the street railway company owes a duty to afford a passenger a reasonable opportunity to alight in safety from its cars, to stop such cars a reasonable length of time for such purpose and to ascertain that a passenger who is attempting to alight had alighted from the cars before same are again started. A fortiori, such duty is laid upon a carrier stopping its car where there is danger from such overhang. Now, if defendant had stopped said car and discharged said Loretta upon the street before reaching the said curve, or after passing same and parking east and west on Cameron street, there had been no danger from such overhang. Such are the convenient and customary stopping places. The stopping of a street car at a place more hazardous than that at which the car might conveniently have stopped to take on a passenger is negligence competent to go to the jury, together with any contributory negligence of plaintiff to determine the proximate cause of the injury. Muskogee Electric Traction Co. v. Latty, 77 Okla. 156, 187 Pac. 491.

4. Counsel for defendant rely upon Gannaway et ux. v. Puget Sound Light & Power Co. (Wash.) 138 Pac. 267. That case is distinguishable in that the passenger had lost his status as such by walking around the end of the car after alighting. Carrier's duty to him was that toward all pedestrians. The company is not bound to warn a pedestrian to prevent injury from the overhang of a car in rounding a curve since that is a matter of common knowledge of which every one must take notice. Whether said Loretta, as contended by defendant, had assumed the status of pedestrian and thus brought herself within this rule, was for the jury to determine, under proper instructions.

5. It is the theory and contention of defendant that said Loretta alighted facing the north from said car after said car had made said turn and that she turned back upon the car and was thus injured by her own negligence. This may be true. Plaintiff's evidence is not altogether satisfactory. If the status of passenger had ceased as to said Loretta at the time of the alleged injury, upon the state of this record, she cannot recover. If such status had not ceased, and the proximate cause of her alleged injuries was the alleged negligence of defendant and not her own alleged contributory negligence, she can recover. There is sufficient evidence to go to the jury on these questions under proper instructions. When a demurrer to the evidence will lie, has been announced so often, and is so well understood, that we deem it unnecessary to discuss the same.

"What is or what is not negligence is ordinarily a question of fact for the jury, and where the standard of duty is not fixed but variable, and shifts with the circumstances of the case, it is incapable of being defined as a matter of law, and where there is sufficient evidence it must be submitted to the jury to determine what it is and whether it has been complied with." Chicago, Rock Island & Pacific Ry. Co. v. Zirkle, 76 Okla. 298, 185 Pac. 329.

Let the judgment of the trial court be reversed and the cause proceed.

By the Court: It is so ordered.