[No. 27253.   Department Two.   November 7, 1938.]

RENEE WULLBRANDT, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

*Kennett & Benton,* for appellant.

*A. C. Van Soelen* and *C. C. McCullough,* for respondent.

MILLARD, J.—This action was brought to recover for personal injuries plaintiff claims to have suffered in

[1]Reported in 84 P. (2d) 123.

alighting from a street car in the city of Seattle as a result of the negligent operation of the car by an employee of the defendant. The appeal is from the judgment of dismissal rendered upon plaintiff's refusal to plead further after a demurrer had been sustained to the complaint.

The allegations of fact, admitted by the demurrer to be true, are as follows:

About 4:40 p. m., December 1, 1937, appellant was a passenger on one of respondent's street cars which was proceeding southward on Third avenue, which is intersected by Madison street, the course of which is east and west, at which intersection appellant intended to depart from the street car on the west side of Third avenue. At this intersection is a waiting or safety zone, the boundaries of which are marked off with metallic convex discs which were placed in the paving by respondent, for intending and departing passengers of respondent's street cars. The discs, which protrude several inches above the surface of the paving, are about twelve inches in diameter and are on the west side of Third avenue, immediately north of the north line of Madison street, parallel to the rails of the street car track and approximately three feet west of the west rail. One of the discs was located approximately on the north line of Madison street, and a second disc was located about twenty-five feet north of the first mentioned disc.

When appellant went toward the front of the street car to alight at the intersection of Third avenue and Madison street, other passengers were in the front of the street car preparing to depart from the car at the same point. Many persons were in the above described waiting zone, and they crowded about the entrance of the car intending to board same.

Instead of stopping the car at the "usual, customary,

and proper place," which would have placed the combination entrance and exit of the car between the two discs, located as described above, the operator of the car, without warning appellant of the presence of the disc directly in her pathway or that the street car had not stopped at the "usual, customary, and proper place," stopped the car so that the combination entrance and exit of the car was directly opposite the most northerly of the two metal discs, or about twenty-five feet north of the intersection of Third avenue with Madison street, upon which discs respondent had negligently and carelessly permitted grease and oil to accumulate.

When the appellant, after the car stopped, attempted to depart from the car, one of the passengers stepped from the car immediately ahead of the appellant. Because of the conditions (persons departing from street car in front of her and intending passengers crowding around the entrance of the car) then existing, the appellant did not see the metal disc directly opposite the street car exit. As she

". . . was in the act of leaving said street car stopped in the manner and place aforesaid she, being unable because of the congestion, to see said metal disc stepped upon the same and because of its rounded shape and slippery condition, her foot slipped on the same and she was precipitated suddenly and violently down upon said disc and upon the pavement, severely damaging and injuring her."

The acts alleged to constitute negligence of respondent are: (1) Respondent maintained safety zone markers in the pavement at the intersection of Third avenue and Madison street and permitted grease and oil to accumulate upon those markers. (2) Respondent, without warning appellant, stopped its street car at other than a regular stopping place for receiving and dis-

charging passengers. (3) Respondent failed to inform appellant of the presence of one of the markers opposite the place of exit from the car and in her pathway three feet from the outside street car rail. (4) Because of the passengers departing ahead of her from the street car and because of the presence of intending passengers about the doorway of the street car, appellant could not see the metal marker upon the greasy surface of which she stepped and slipped as she "was in the act of leaving" the street car.

■ In appellant's brief is the statement:

"We wish to make it very plain at the outset that the negligence in this case is not predicated upon the action of the respondent in placing the metal discs in the street."

In other words, appellant does not contend that the placing and maintenance by respondent of the safety zone markers in the highway constituted negligence. This is in harmony with *District of Columbia v. Manning,* 18 F. (2d) 806, 53 A. L. R. 167, in which it was held that, if there is no evidence other than the fact of the accident to indicate either that the safety markers placed upon the street were dangerous or that they were so negligently constructed as to create a dangerous situation, a municipality is not liable to a passenger who alights from a street car and stumbles over such marker and is injured because of the fall.

■ Appellant does not allege that respondent permitted an *unusual amount* of grease and oil to accumulate upon the markers. We may, therefore, assume that the accumulation was normal in amount and due to ordinary causes. Municipalities are not liable for the ordinary accumulation of grease and oil upon the streets and safety zone markers. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200.

■ The general rule is that the operator of a street car need not warn an alighting passenger of the danger of being struck by other vehicles, but there is imposed upon the carrier the duty to warn a boarding or an alighting passenger of danger of which the carrier knows or ought to know and of which the passenger is ignorant, especially at a place other than a regular stopping place.

"Thus, where a street car company stops its car at a place where there are obstructions or defects in the street of which it knows or should know, but of which an alighting passenger is ignorant, it is its duty to warn him thereof." 10 C. J. 926.

The qualification of the general rule applies when the car is stopped at a place where there are *obstructions* or *defects* in the street. The *mere stopping* of a street car at a place other than a regular stopping place does not constitute actionable negligence. Nor is there imposed upon the carrier, in the absence of any unusual inherent danger, defect, or obstruction in the place of alighting, the duty of warning passengers alighting there that the car is stopped at a place which is not the customary or regular place for receiving and discharging passengers. *Lindgren v. Puget Sound Inter. R. & P. Co.*, 142 Wash. 546, 253 Pac. 791.

■ There is no allegation, nor an allegation from which it may reasonably be inferred, that appellant stepped, or was compelled to step, from the street car to the metal marker, which was three feet from the outside street car rail. How she arrived at the marker, over which she stumbled while her view of it was obstructed by departing and intending passengers, is not disclosed by the complaint. She could not, because of the presence of persons between her and the marker, step upon the marker until she was off of the street car. Appellant was on the street behind another pas-

senger or pedestrian before she stumbled over the marker. That is the only reasonable inference that can be drawn from the allegations of the complaint.

One who alights from a street car upon the street and is in safety from any contact or collision with the street car ceases to be a passenger and, as regards injuries sustained in tripping over some object or being struck by another vehicle, has the status of an ordinary pedestrian. See *Gallagher v. St. Louis Public Service Co.*, 332 Mo. 944, 59 S. W. (2d) 619; *Creamer v. West End St. R. Co.*, 156 Mass. 320, 31 N. E. 391, 32 Am. St. 456, 16 L. R. A. 490; *Wittkower v. Dallas R. etc. Co.*, 73 S. W. (2d) (Tex. Civ. App.) 867; and *Trail v. Tulsa St. R. Co.*, 97 Okla. 19, 222 Pac. 950.

A passenger who descends from a street car and secures a foothold in the street has no right of action against a municipality for slipping on a safety zone marker, such as the one described herein, any more so than any other pedestrian, whether a crowd of people does or does not obstruct such person's view of the marker.

The congregating of passengers at the doorway of the car did not constitute negligence on the part of respondent. There was no peril—there was no unusual inherent danger, defect, or obstruction in the place of alighting by reason of the maintenance of the zone markers in the street—involved in leaving the street car as to the existence of which it was the duty of the car operator to warn the passengers alighting from the car. Under the facts alleged, there was no hazard created by or under control of respondent and its employees to which appellant was subjected in alighting from the street car twenty-five feet north of the intersection of Third avenue and Madison street.

The following citations of authority are not apt:

*Henry v. Grant St. Electric R. Co.,* 24 Wash. 246, 64 Pac. 137, is distinguishable on the facts from the case at bar. In that case, plaintiff was discharged from a street car at night upon a trestle, a place fraught with danger, as a step or two would precipitate one twelve or more feet to the ground.

*Murray v. Seattle Electric Co.,* 50 Wash. 444, 97 Pac. 458. In that case, the street car was stopped for a passenger to alight on a dark night directly over an excavation for a sewer.

In *Gilson v. Washington Water Power Co.,* 93 Wash. 480, 161 Pac. 352, while plaintiff was attempting to enter the car as a passenger and while he had both feet on the step and was taking hold of the hand hold at the side of the doorway, the conductor suddenly closed the door, striking plaintiff and causing him to fall backward upon the pavement.

All that we held in *Tobin v. Seattle,* 127 Wash. 664, 221 Pac. 583, was that a complaint charging a city with negligence for its failure to make a stopping place for its street car safe, or adopt any safeguard for intending passengers or to operate a system of signals, is not vulnerable to a demurrer.

In *Holm v. Seattle,* 159 Wash. 618, 294 Pac. 261, the street car operator, after stopping the car on a curve to allow a passenger to alight, started the car before the passenger could get out of danger of the overhang of the car, which struck and injured plaintiff.

The judgment is affirmed.

STEINERT, C. J., BEALS, GERAGHTY, and SIMPSON, JJ., concur.